UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Anthony C. Harris

  v.                                  Case No. 12-cv-444-JL

United States

**REPORT AND RECOMMENDATION**

Before the court is Anthony C. Harris's motion to proceed in forma pauperis ("IFP") in his appeal of the September 11, 2020 post-judgment order in this case, denying his motion to obtain a transcript of the July 29, 2009 change of plea hearing of Mr. Harris's co-defendant, Orlando Matos.

**Discussion**

Federal Rule of Appellate Procedure 24(a)(3) provides, in pertinent part, as follows:

> A party . . . who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
>
> > (A) the district court--before or after the notice of appeal is filed--certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding . . . .

Fed. R. App. P. 24(a)(3)(A). In making that determination, this court considers whether Mr. Harris's appeal lacks good faith.

See id.; Coppedge v. United States, 369 U.S. 438, 445 (1962). "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." Walker v. O'Brien, 216 F.3d 626, 632 (7th Cir. 2000). An appeal is frivolous and is not taken in objective good faith if it lacks any rational, arguable basis in law or fact. See Santiago-Lugo v. United States, 94 F. Supp. 3d 156, 158 (D.P.R. 2015).

The appeal at issue in this case is from the September 11, 2020 Order denying Mr. Harris's motion (Doc. No. 54), seeking a transcript of his co-defendant Mr. Matos's change of plea hearing, see July 29, 2009 Change of Plea H'g, United States v. Peterson, No. 1:09-cr-00033-JL-2 (D.N.H.). Pursuant to 28 U.S.C. § 753(f), a party proceeding IFP in a proceeding filed under 28 U.S.C. § 2255 may obtain a copy of a transcript at government expense only if the court certifies that the proceeding is "not frivolous" and "that the transcript is needed to decide the issue presented by the suit or appeal." 28 U.S.C. § 753(f). In making that determination, the court may base its conclusions upon the applicant's representations about what the transcript would reveal. See Jaffe v. United States, 246 F.2d 760, 762 (2d Cir. 1957).

Mr. Harris has asserted that he believes that transcripts are a public record, see Notice of Appeal (Doc. No. 55), and

that he would use the record of Mr. Matos's change of plea hearing (which has not previously been transcribed) to find out (1) if Mr. Matos objected during that hearing to the stipulation in Mr. Matos's plea agreement that the warrantless search of Mr. Matos's hotel room was consensual, and (2) why Mr. Matos's plea agreement continued to incorporate a stipulation saying that Mr. Matos had consented to the search if in fact he had not consented to the search.  Mr. Harris cites in that regard the portion of Mr. Harris's trial transcript in which Mr. Matos testified that he had not consented to the search of the hotel room, and that he had objected through counsel during his change of plea hearing to that stipulated fact.

This case arises from Mr. Harris's first § 2255 motion seeking to vacate his Hobbs Act robbery and related convictions and sentence imposed following a September 2009 jury trial. There are no issues in this case that could be established by referring to a transcript of Mr. Matos's change of plea hearing. In his first § 2255 motion, Mr. Harris claimed, among other things, that his trial counsel's failure to move to suppress evidence seized from Mr. Matos's hotel room amounted to the ineffective assistance of counsel.  This court found no basis for granting relief under § 2255 upon that claim in its Dec. 17, 2013 Order (Doc. No. 17) in this case, and the court reaffirmed that conclusion following the November 13, 2014 evidentiary

3

hearing on the § 2255 motion.  See Nov. 13, 2014 Order. Judgment entered on November 19, 2014, see Doc. No. 35, and both this court and the First Circuit declined to issue a certificate of appealability ("COA"), see Feb. 24, 2015 Order (denying COA); Doc. No. 50 (Harris v. United States, No. 15-1311 (1st Cir. May 3, 2016) (denying COA)).

There is no pending appeal of the November 19 judgment in this case; no pending motion seeking to reopen that judgment; no motion seeking reconsideration of the pertinent orders underlying that judgment; and no request before the First Circuit seeking leave to file a successive § 2255 motion. Although the transcript might reinforce or undermine Mr. Matos's testimony in Mr. Harris's trial regarding whether his counsel objected to a stipulation in his plea agreement during Mr. Matos's change of plea hearing, no reasonable person could conclude that such evidence is necessary to resolve any issues in this case.  Accordingly, Mr. Harris has not demonstrated that there is any arguably nonfrivolous ground for appealing the order denying his transcript request, and the district judge should deny Mr. Harris's motion to proceed IFP on appeal.

## Conclusion

For the foregoing reasons, the district judge should direct as follows:

      1.   The appeal of the September 11, 2020 Order denying Mr. Harris's request for a transcript of the July 29, 2009 Change of Plea H'g, United States v. Peterson, No. 1:09-cr-00033-JL-2 (D.N.H.), lacks any rational, arguable basis in law or fact and is thus not taken in good faith.

      2.   The motion to proceed in forma pauperis (Doc. No. 60) in that appeal is DENIED.

      3.   The district court clerk's office is directed to notify the First Circuit and Mr. Harris regarding this decision, pursuant to Fed. R. App. P. 24(a)(4)(B).

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). That period may be extended upon motion. Failure to file objections within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

                                                  _____
                                                  Andrea K. Johnstone
                                                  United States District Judge

March 17, 2021

cc: Anthony C. Harris, pro se
    Seth R. Aframe, Esq.